**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | |
|---|---|
| **CASEY JOE BAGWELL** | **CIVIL ACTION NO. 3:26-1495** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE JERRY EDWARDS, JR.** |
| **J.D. DRISKELL, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Casey Joe Bagwell, a prisoner at Lincoln Parish Detention Center ("LPDC") proceeding pro se and in forma pauperis, filed this proceeding on approximately May 7, 2026, under 42 U.S.C. § 1983. He names the following Defendants: Warden J.D. Driskell, Nurse Jennifer Plunkett, Deputy Jennifer Barmore, Pam Torbor, Devin Skipper, Lamont Freeman, Kyle Luker, an unknown deputy, Supervisor Linda Sellers, Officer Sproles, and Captain Randy Williams.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

## Background

Plaintiff claims that in 2016, Kyle Luker tased him twice. [doc. # 5, p. 3].

Plaintiff claims that in 2018, Kyle Luker improperly handled his ADHD medication. [doc. # 5, p. 3].

Plaintiff claims that in 2018, at LPDC, Lamont Freeman and Devin Skipper tased him after he was unable to control his emotions due to withdrawal from a lapse in his medication.

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

[doc. #s 5, p. 3; 9, p. 2].

Plaintiff claims that in 2018, he lacked his anti-depressant medication. [doc. # 9, p. 2]. He faults LPDC. *Id.* He later received it when Deputy Pam Torbor retrieved it. *Id.*

Plaintiff was released from incarceration in 2020. [doc. # 5, p. 3]. He lives with post-traumatic stress disorder and fears that the police are trying to kill him. *Id.* He checked himself into Seaside Mental Health on three occasions from 2021-2022. *Id.*

Plaintiff was incarcerated again in approximately 2023. [doc. #s 5, p. 3; 9, p. 2]. He claims that in approximately 2023, after he placed toothpaste on a camera "to make sure it was working[,]" an officer with red hair maced him. [doc. # 9, p. 2].

Plaintiff claims that from February 7-11, 2023, while he was "in suicide watch," Nurse Plunkett ignored his "daily begging for" his medication. [doc. #s 5, p. 4; 9, pp. 2, 3]. He also claims that he asked Deputy Barmore for his medication, but Barmore told him that he could not have it. [doc. # 5, p. 4]. Plaintiff became dysfunctional and lost over twenty pounds because he lacked his medication for months. *Id.* However, he later received the medication. [doc. #s 5, p. 4; 9, p. 3].

Plaintiff claims that from February 20-23, 2023, Supervisor Sellers, Officer Sproles, and Captain Williams did not provide his medication while he was in lockdown. [doc. # 9, p. 3].

Plaintiff claims that from February 20-March 1, 2023, Nurse Plunkett did not give him his medication. [doc. # 9, p. 3]. He finally received his medication at the end of April 2023. *Id.* at 4.

Plaintiff claims that in 2026, he thrice lacked medication because "they lied" and stated on his medication chart that he refused his medication. [doc. # 5, p. 4]. When he lacks his medication for about twenty-four hours, he "starts feeling symptoms of imbalance[.]" *Id.*

For relief, Plaintiff seeks $3,000,000.00. [doc. # 5, p. 5].

## Law and Analysis

### 1. Preliminary Screening

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. A complaint fails to state a claim where its factual allegations do not "raise a right to relief above the speculative level." *Montoya v. FedEx Ground Package Sys., Inc.*, 614 F.3d 145, 148 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). "[U]nadorned, the-defendant unlawfully-harmed-me accusation[s]" will not suffice. *Iqbal*, 556 U.S. at 677.

"[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926

F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Statute of Limitations**

Plaintiff claims: (1) in 2016, Kyle Luker tased him twice and improperly handled his ADHD medication; (2) in 2018, Lamont Freeman and Devin Skipper tased him; (3) in 2018, he lacked his anti-depressant medication; (4) in 2023, an officer with red hair maced him; (5) from February 7-11, 2023, Nurse Plunkett and Deputy Barmore did not provide his medication; (6) from February 20-23, 2023, Supervisor Sellers, Officer Sproles, and Captain Williams did not provide his medication; and (7) from February 20-March 1, 2023, Nurse Plunkett did not give him his medication.

District courts are authorized to dismiss claims as frivolous if "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994); *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). A district court may raise the limitation period sua sponte. *See Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999).

The statute of limitations for Section 1983 actions is the same as the statute of limitations

in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-80 (1984). Thus, Louisiana's one-year personal injury statute of limitations, under LA. CIV. CODE art 3492, applies here. *Lavellee v. Listi*, 611 F.2d 1129 (5th Cir. 1980).[3]

However, the date of accrual for a Section 1983 claim is a question of federal law. *Piotrowski v. City of Houston*, 51 F.3d 512 (5th Cir. 1995); *Longoria v. City of Bay City*, 779 F.2d 1136 (5th Cir. 1986). "Under federal law, the limitations period commences when the aggrieved party has either knowledge of the violation or notice of facts which, in the exercise of due diligence, would have led to actual knowledge thereof." *Piotrowski*, 51 F.3d at 516 (*quoting Vigman v. Community National Bank and Trust Co.*, 635 F.2d 455, 459 (5th Cir. 1981)). In other words, a claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Brockman v. Texas Dep't of Crim. Just.*, 397 F. App'x 18, 22 (5th Cir. 2010).

Here, Plaintiff's excessive force claims (i.e., shocking him with a taser device and spraying or shooting him with mace) accrued, respectively, in 2016, 2018, and 2023. Plainly, Plaintiff knew or had reason to know of the alleged uses of excessive force the day they occurred.[4] Plaintiff had one year from those dates to file his claims. As Plaintiff did not file this proceeding until, at the earliest, May 2026, the statute of limitations bars the claims.

---

[3] "The Louisiana Legislature has recently repealed its one-year prescription on delictual actions, or torts, and substituted it with a two-year prescription." *Sibley v. Touro LCMC Health*, 2024 WL 5118489, at n.5 (5th Cir. Dec. 16, 2024) (citing LA. CIV. CODE art. 3493.1 (2024)). "But that amendment only applies prospectively to actions arising after July 1, 2024." *Id.* Because Plaintiff alleges that the defendants' relevant actions arose before July 1, 2024, the one-year period applies. *See Stanley v. Morgan*, 120 F.4th 467, 470 (5th Cir. 2024), cert. denied, 2025 WL 663720 (U.S. Mar. 3, 2025).

[4] *See Morrill v. City of Denton, Texas*, 693 F. App'x 304, 307 (5th Cir. 2017) (holding that the constitutional injury was complete on the day the alleged excessive force took place); *Armstrong v. Serpas*, 670 F. App'x 851, 852 (5th Cir. 2016).

The statute of limitations also bars Plaintiff's medical care claims listed above. He lacked his medication in 2018 and in February and March 2023. Plainly, he knew when he lacked medication. After each occasion, he later received the medication. Thus, he had one year from, respectively, 2018 and February-March 2023, to file his claims. As he did not file this proceeding until May 2026 at the earliest, the statute of limitations bars the claims.

To be sure, a constitutional claim of denial of medical care does not accrue until medical attention if provided. *Boswell v. Claiborne Par. Det. Ctr.*, 2015 WL 6161810, at *2 (5th Cir. Oct. 21, 2015) (finding that it was "not clear from the face of" the complaint that the claim was prescribed because the plaintiff "pleaded a continuing violation based on a failure to provide needed and requested medical attention."); *Lavellee v. Listi*, 611 F.2d 1129, 1132 (5th Cir. 1980) ("[T]he allegation of a failure to provide needed and requested medical attention constitutes a continuing tort, which does not accrue until the date medical attention is provided."); *Nottingham v. Richardson*, 499 F. App'x 368, 375 (5th Cir. 2012) ("[E]ach instance of potentially deliberate indifference ceased when he received medical attention.").

Plaintiff obtained his medication at the latest in April 2023. [doc. # 9, p. 4]. He then had one year, or until April 2024, to file his latest-accruing claim. As he did not file this proceeding until 2026 at the earliest, the statute of limitations bars the claim (as well as the claims which accrued before it).

The limitations period is subject to state tolling and equitable tolling in certain circumstances. "[E]quitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995) (*citing Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424, 428 (1965)). The plaintiff bears the

burden of establishing that equitable tolling applies. *Rotella v. Pederson*, 144 F.3d 892 (5th Cir. 1998); *see also Ramirez v. City of San Antonio*, 312 F.3d 178, 183 (5th Cir. 2002) ("We have found that equitable tolling may be appropriate when 'the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'") (*quoting Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002)). Tolling can apply where "extraordinary circumstance[s] prevent[]" a plaintiff from filing suit. *Richards v. Gonzales*, 2022 WL 3226621, at *1 (5th Cir. Aug. 10, 2022).

Here, Plaintiff does not argue that any of his claims were tolled. He does not allege, for instance, that any person's affirmative conduct reasonably induced him to forego filing suit within the limitations period.[5]

Accordingly, the Court should dismiss these claims as untimely.

**3. Medical Care in 2026**

Plaintiff claims that in 2026, he thrice lacked medication because "they lied" and stated on his medication chart that he refused his medication. [doc. # 5, p. 4].

Section 1983 provides in relevant part: "Every person who . . . *subjects, or causes to be subjected*, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983 (emphasis added). If a person is not personally involved, then, *a fortiori*, he cannot subject another to, or cause, a deprivation of constitutional rights. *See Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a civil rights cause of action.").

[5] If Plaintiff contends that any of his claims were tolled for any reason, he may present his contention in an objection to this Report and Recommendation.

Here, Plaintiff does not sufficiently identify "any particular defendant's personal involvement in conduct that caused constitutional deprivation." *See Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 421 (5th Cir. 2017) (dismissing a claim that supervisory officials failed to correctly house the plaintiff because despite the magistrate judge's instruction to "state what each defendant did[,]" the plaintiff did not identify a responsible defendant). The Court disregards bare assertions of collective responsibility unsupported by concrete factual allegations. *See Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 243 (5th Cir. 2021); *Jones v. Hosemann*, 812 F. App'x 235, 238-39 (5th Cir. 2020) ("It is not enough for a plaintiff to simply allege that something unconstitutional happened to him. The plaintiff must plead that each defendant individually engaged in actions that caused the unconstitutional harm.").

Accordingly, the Court should dismiss this claim.

## **Recommendation**

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Casey Joe Bagwell's claims be **DISMISSED WITH PREJUDICE** as legally frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R.**

**Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 26th day of October, 2026.

Kayla Dye McClusky
United States Magistrate Judge